IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Juanita Green,<br><br>Plaintiff,<br><br>v.<br><br>Merrick B. Garland and Bureau of Prisons,<br><br>Defendants. | Case No.: 4:21-cv-2514-SAL<br><br>**OPINION AND ORDER** |

This matter is before the court for review of the May 3, 2022 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 14]. In the Report, the Magistrate Judge recommends granting Defendant's motion to dismiss as to Plaintiff's ADA cause of action and denying the Motion as to all other claims. *Id.* For the reasons outlined herein, the court adopts the Report in its entirety.

## BACKGROUND

Plaintiff Juanita Green ("Plaintiff") filed this employment action against her former employer, Bureau of Prisons, LLC ("BOP" or "Defendant")[1], alleging discrimination and reprisal in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. [ECF No. 1, Compl.] Plaintiff has filed three separate Equal Employment Opportunity ("EEO") complaints

---

[1] Although both the Attorney General and BOP are named as Defendants, the parties and the Report address Defendant in the singular. For consistency, this Order does as well.

1

related to her employment with Defendant. Only her third-attempted EEO complaint and associated case concerning BOP claim 2019-0882 are at issue in this action.[2] On May 11, 2021, the Department of Justice issued a final decision dismissing Plaintiff's third EEO complaint as untimely. On September 8, 2021, Plaintiff filed her Complaint in this court and initiated the instant action. [ECF No. 1, Compl.]

On October 12, 2021, Defendant filed a motion to dismiss Plaintiff's Complaint. [ECF No. 8.] On October 26, 2021, Plaintiff submitted her response in opposition. [ECF No. 9.] On May 3, 2022, the Magistrate Judge issued the Report that is the subject of this Order. [ECF No. 14.] Defendant filed objections on May 17, 2022, and Plaintiff replied two weeks later. [ECF Nos. 15, 16.] Accordingly, the matter is ripe for this court's review.

As an initial matter, the court notes that the Report sets forth, in great detail, the relevant facts and standards of law on this matter. Neither Plaintiff nor Defendant object to the Report's recitation of the facts, and accordingly this court incorporates those facts herein without another recitation.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the

---

[2] Previously in front of the court was an action concerning Plaintiff's second EEO complaint. *See Green v. Garland*, No. 4:20-cv-1025-SAL.

Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

**DISCUSSION**

Defendant objects to the Magistrate Judge's recommendation that Plaintiff's Rehabilitation Act claims of disability discrimination, failure to accommodate, and reprisal should proceed to discovery. *See* [ECF No. 15 at 1.] In doing so, Defendant reasserts the argument it submitted to

the Magistrate Judge that Plaintiff's claims are: (1) procedurally barred for her failure to exhaust her administrative remedies before filing suit in this court and (2) subject to dismissal because they fail to state a claim upon which relief can be granted. *Id.* at 1–2. The court notes that a specific objection requires more than a reassertion of arguments. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Nevertheless, the court considered each argument and corresponding portion of the Report *de novo* but overrules Defendant's objections for the following reasons.

**I. Exhaustion of Administrative Remedies**

    **A. Timeliness of EEO Contact**

"A federal employee seeking to file an action based on the Rehabilitation Act must first exhaust his administrative remedies promulgated pursuant to Title VII and set forth in EEOC regulations." *Emmert v. Runyon*, 178 F.3d 1283 (4th Cir. 1999); *see* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.407. As an initial step, the employee "must initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the date of the action." 29 C.F.R. § 1614.105(a)(1). The employee's failure to contact an EEO counselor within the 45-day period is grounds for dismissal of the employee's Title VII claim in federal court. *See Blount v. Shalala*, 32 F.Supp.2d 339, 341 (D.Md.1999); *Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 968–70 (4th Cir. 1985). At issue in the instant action is whether Plaintiff timely initiated contact with an EEO officer to satisfy her initial pre-filing requirement. Defendant objects to the Report's finding that Plaintiff at least established sufficient due diligence to survive dismissal and obtain discovery on the issue.

Defendant, like the Administrative Law Judge ("ALJ") who reviewed Plaintiff's third EEO complaint, considers May 21, 2019, the date Plaintiff first initiated contact with an EEO counselor

regarding her third complaint. Consequently, the ALJ dismissed Plaintiff's third complaint as untimely because none of the allegations of discriminatory action occurred within 45 days of May 21, 2019. Plaintiff, on the other hand, asserts that she initiated contact on October 25, 2018, when she mailed a certified letter to the EEO counselor assigned to Plaintiff's second EEO case. The letter inquires about the status of Plaintiff's second EEO complaint and expresses Plaintiff's desire "to initiate a **third** EEO complaint regarding failure to accommodate and reprisal from May 2015 to the present as BOP continues to discriminate and retaliate against Juanita Green presently." *See* Compl. ¶ 8; ECF No. 10-1. Plaintiff did not receive a response to this letter. Compl. ¶ 9. Plaintiff thus contends that equitable tolling should be applied, and the court should deem her third EEO complaint timely filed as of October 25, 2018. *See U.S. ex rel. Liberty Mech. Servs., Inc. v. N. Am. Specialty Ins. Co.*, 2 F. Supp. 3d 610, 619 (E.D. Pa. 2014) ("To invoke tolling, a plaintiff 'must show that it exercised reasonable diligence in investigating and bringing its claims.'" (quoting *New Castle Cnty. v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997))).

The Magistrate Judge found that, "liberally construed, the October 2018 letter from Plaintiff's counsel likely should have been considered EEO contact that started a new charge." [ECF No. 14 at 20.] Defendant objects to the Report's failure to explain, "why or how such a vague letter, *devoid of any facts*, constitutes 'counselor contact' for purposes of any claims." *See* [ECF No. 15 at 7.] As explained in the Report, 29 C.F.R. § 1614.105(a) does not define what it means to "initiate contact" with an EEO counselor to make an EEO claim. [ECF No. 15 at 20.] However, the "EEOC has consistently held that a complainant may satisfy the criterion of EEO Counselor contact by initiating contact with any agency official logically connected with the EEO process, even if that official is not an EEO Counselor, *and by exhibiting an intent to begin the EEO process*.'" *Id.*

5

(emphasis added) (quoting *Welsh v. Hagler*, 83 F. Supp. 3d 212, 218 (D.D.C. 2015) (emphasis added) (internal quotation marks omitted).

The court agrees with the Report that Plaintiff's certified letter stating, "I would like to initiate a **third** EEO complaint regarding failure to accommodate and reprisal from May 2015 to present," in bold and underlined type, at least exhibits enough due diligence to survive Defendant's motion to dismiss on the grounds that her initial EEO counselor contact and claim were untimely. However, as expressed in the Report, allowing discovery does *not* guarantee that Plaintiff will be able to establish that she timely initiated her EEO complaint. *See* [ECF No. 14 at 21]; *id.* at 24 ("[T]he court does not preclude further consideration of the applicability of the law of equitable tolling to the evidence in this case, upon a more complete record at a later juncture." (quoting *Adinolfi v. N. C. Dep't of Just.*, 2020 WL 1490700, at *4 (Mar. 24, 2020 E.D.N.C))). But at this stage of litigation, the record is not developed enough to resolve the question of whether equitable tolling renders Plaintiff's third complaint timely filed. *See U.S. ex rel. Liberty Mech. Servs., Inc. v. N. Am. Specialty Ins. Co.*, 2 F. Supp. 3d 610, 619–620 (E.D. Pa. 2014) ("[B]ecause the question [of] whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." (quoting *In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 301–02 (3d Cir. 2010))). Thus, the court overrules Defendant's objection and allows the parties to proceed to discovery on the issue.

### B. Applicable Time Frame

Assuming Plaintiff's initial EEO contact for her third case occurred on October 25, 2018, Defendant argues that "the applicable time frame of Plaintiff's claims should be restricted to the 45-day time period preceding her counsel's October 25, 2018, letter seeking a status update in

6

Plaintiff's second EEO case." [ECF No. 15 at 2.] Under 29 C.F.R. § 1614.105(a)(1), an aggrieved employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." Thus, Defendant is correct that the relevant period in this case would begin September 10, 2018 (45 days prior to the October 25, 2018 contact), and this period limits the scope of Plaintiff's claims.

Plaintiff's Complaint contains allegations of discriminatory and retaliatory conduct at various dates—spanning from May 2015 until January 2019.[3] A plaintiff bringing a Title VII claim must "exhaust administrative remedies with respect to each 'discrete act' of alleged discrimination" alleged in her complaint. *Staley v. Gruenberg*, No. 1:12-cv-530, 2013 U.S. Dist. LEXIS 201170, at *23 (E.D. Va. May 10, 2013). Further, a continuing violation theory *cannot* save untimely claims alleging discrete acts of discrimination such as the failure to promote, failure to accommodate, or termination. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004); *Hill v. Hampstead Lester Morton Ct. Partners LP*, 581 F. App'x 178, 181 (4th Cir. 2014); *Blount v. Dep't of Health & Hum. Servs.*, 400 F. Supp. 2d 838, 842 (D. Md. 2004), *aff'd sub nom. Blount v. Thompson*, 122 F. App'x 64 (4th Cir. 2005). Thus, any discrete discriminatory action that did not occur within 45 days of Plaintiff's initial contact will be time-barred. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

---

[3] Plaintiff describes her third EEO claim as concerning Plaintiff's mistreatment after Defendant returned her to work in August 2018 without an accommodation search. Compl. ¶ 7. But Plaintiff's initial October 25, 2018 letter describes her third claim as concerning Defendant's failure accommodate and reprisal from "May 2015 to the present"— that is, October 25, 2018. *Id.* ¶ 8. And Plaintiff later expands this timeframe, indicating her third failure to accommodate and reprisal claim encompasses conduct until January 30, 2019. *Id.* ¶ 10.

7

Moving forward, Plaintiff will therefore have to demonstrate that she exhausted her administrative requirements with respect to *each* alleged discriminatory act. *See* [ECF No. 14 at 22 ("While it may be that Plaintiff can show that BOP should have construed her October 25, 2018 letter as initiating a third EEO action, she still must demonstrate that, had it been so construed, she would be considered to have exhausted remedies as to specific, discrete wrongs.").] Or, the Plaintiff will have to demonstrate a continuing pattern of discriminatory treatment so as to salvage her otherwise time-barred claims prior to the initial EEO contact. *See Blount*, 400 F. Supp. 2d at 842 (finding the plaintiff's "claims regarding the events of May 2000 and August 2000 are clearly time-barred since they occurred more than 45 days before [plaintiff's] initial EEO contact on October 26 of that year, unless she can demonstrate a pattern of discrimination that continued through the allegedly discriminatory event of that year."). To proceed under a continuing violation theory, however, the Plaintiff is still required to "show that an actual violation occurred within the requisite limitations period." *Blount*, 400 F.Supp 2d at 842. The ALJ considered Plaintiff's argument concerning her "continuing complaint" and rejected the claim as untimely. *See* [ECF No. 15 at 7.] However, the ALJ considered 45 days prior to May 21, 2019, as the requisite period. Thus, whether Plaintiff can continue under a continuing violation theory by showing an actual violation within 45 days of October 25, 2018, has not been considered nor fully briefed by the parties.

In sum, the court agrees that *if* the October 25, 2018 letter was sufficient to initiate Plaintiff's third EEO complaint and equitable tolling applies, the relevant time period would begin 45 days prior to the October 25, 2018 contact. However, the court finds it premature to resolve the issue of which specific claims or allegations would fall within the court's scope of review.

**II. Failure to State a Claim**

Finally, Defendant objects to the Report's finding that the Complaint's Rehabilitation Act allegations—disability discrimination, failure to accommodate, and reprisal—are sufficient to survive Defendant's motion to dismiss. The court considers each objection in turn.

**A. Disability Discrimination**

Defendant argues that Plaintiff cannot demonstrate that she is a "qualified individual" under the Rehabilitation Act, as required by statute a disability discrimination claim. The court notes that Defendant does not point to a specific error in the Report but rather reasserts its arguments and asks this court to reach a different conclusion. Nevertheless, upon a *de novo* review of Plaintiff's complaint, the court finds that Plaintiff has sufficiently alleged that she is a qualified individual to survive a motion to dismiss.

In the employment context, a "qualified individual" is "one who, with or without reasonable accommodation, can perform all of the essential functions of his or her employment." *Biniaris v. Hansel Union Consulting, PLLC*, 382 F. Supp. 3d 467, 473 (E.D. Va. 2019). As the Report noted, Plaintiff's Complaint includes allegations that she is a qualified individual with a disability (carpal tunnel). Compl. ¶ 50; *see also* ¶¶ 29, 36, 39. Plaintiff alleges that the disability affected her ability to work without restrictions, but with restrictions she could perform the *majority of* her job duties. *See id.* And that despite her disability she passed a Defendant-mandated fit-for duty exam. *Id.* ¶ 14.

Defendant contends that Plaintiff's ability to perform the "the majority" of her duties fails to support Plaintiff's claim that she was a qualified individual, because a qualified individual must be able to perform *all the essential functions of* her position, with or without reasonable accommodation. *See* [ECF No. at 9.] However, the essential functions of Plaintiff's job are not before the court at this preliminary stage of litigation, and further fact inquiry will be necessary.

Thus, as noted in the Report, whether Plaintiff can ultimately prove that she is a "qualified individual" under the Act remains to be seen. At this stage of litigation, however, the court finds Plaintiff's allegations, accepted as true, state a plausible claim of disability discrimination. Accordingly, Defendant's objections are overruled, and Plaintiff's disability discrimination claim survives Defendant's motion to dismiss.

**2. Failure to Accommodate**

Similarly, Defendant argues that Plaintiff cannot establish that she is "disabled" as required by her failure to accommodate claim. To state a failure to accommodate under the Rehabilitation Act, a plaintiff must allege that (1) she was a qualified person with a disability; (2) the employer had notice of the disability; (3) the plaintiff could perform the essential functions of her position with a reasonable accommodation; and (4) the employer nonetheless refused to make the accommodation. *Hannah P. v. Coats*, 916 F.3d 327, 337 (4th Cir. 2019). Defendant takes issue with Plaintiff's allegation that Defendant "regarded" her as disabled, which Defendant argues is an assertion that Plaintiff is *not* actually disabled and thus not a qualified person with a disability under the Act. *See* [ECF No. 15 at 9–10.]

The Report acknowledges that an employee who seeks recovery based *only* upon her being "regarded as" disabled will be unable to establish a failure-to-accommodate claim. [ECF No. 14 at 8 (citing *Lee v. Olsten Staffing Servs. Corp.*, No. 4:18-cv-2520, 2020 WL 6218725, at *8 (D.S.C. Mar. 11, 2020)).] But here, Plaintiff does not seek recovery based *only* upon Defendant regarding her as disabled. As the Report notes, a "a liberal reading of Plaintiff's Complaint indicates she claims *both* that she is disabled and is perceived as disabled." *Id.* Defendant does not respond to this finding or the Report's reasoning that alternative claims of actual disability and regarded-as disability are permissible at the pleadings stage.

Instead of identifying a specific objection to this portion of the Report, Defendant reasserts its argument that Plaintiff's failure to accommodate claim must be dismissed based on Plaintiff's assertion that Defendant regarded her as disabled. Nevertheless, upon a *de novo* review of this portion of the Report, the court finds that Plaintiff's complaint supports alternative claims of actual disability and perceived disability. Thus, Defendant's objection is overruled, and Plaintiff's failure to accommodate claim survives dismissal.

**3. Reprisal/Retaliation**

To state a *prima facie* case of retaliation under the Rehabilitation Act, the Plaintiff must demonstrate: (1) she engaged in protected activity, (2) her employer took adverse action against her, and (3) that a causal relationship existed between the protected activity and the adverse employment action. *Hooven-Lewis v. Caldera*, 249 F.3d 259, 271 (4th Cir. 2010.) Defendant reasserts its position that Plaintiff's "bald allegation that she subjectively believes she was not treated 'in a manner equal to employees who were not perceived as disabled or who had not filed 3 EEO complaints'" is insufficient to state a claim for retaliation. [ECF No. 15 at 11 (quoting Compl. ¶ 30).] The court disagrees and finds, like the Report, that, reading the Complaint as whole, Plaintiff's complaint plausibly sets forth a retaliation claim. *See* [ECF No. 14 at 30–31 (citing Compl. ¶¶ 5–8, 10, 15, 19–21, 30, 44, 50).]

Additionally, the court overrules Defendant's objection to the Report's "presumption that Plaintiff's counsel's October 25, 2018, letter may be adequate to provide a causal link" between protected activity and an adverse action (Plaintiff's termination January 30, 2019). [ECF No. 15 at 11.] Defendant argues there can be no causal link because there is no evidence that anyone at BOP or involved with Plaintiff's termination acknowledged the letter. *Id.* However, the court finds that Plaintiff has met her burden of setting forth a *plausible* reprisal claim, and the issue of

whether termination decision-makers were aware of her letter or third EEO complaint should be further examined in discovery.

As a final matter, the court notes that no party objected to the Report's recommendation that the court grant Defendant's motion to dismiss as to Plaintiff's ADA causes of action. Upon a clear error review of this portion of the Report, the court finds none and adopts the Report's recommendation.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 14, in its entirety and incorporates the Report by reference herein. As a result, Defendant's motion for dismissal, ECF No. 8, is **GRANTED** as to Plaintiff's ADA causes of action but **DENIED** as to all others. This matter is referred back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

July 27, 2022
Columbia, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge